# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHAWN D. MCKINNEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **2:10-cv-2810-AKK** |
| **OUTBACK STEAKHOUSE,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shawn McKinney ("Plaintiff"), who is African-American, filed this action against his former employer, OS Restaurant Services, Inc.[1] ("Defendant"), on October 18, 2010, alleging that Defendant discharged him because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.  Docs. 1, 6. Plaintiff also claims that Defendant failed to pay him for twelve hours he worked in May or June 2008, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Doc. 6 at. 5.

Defendant moved for summary judgment on August 8, 2011.  Doc. 24.

---

[1]Plaintiff improperly identified Outback Steakhouse as Defendant in this case.  Plaintiff was employed by OS Restaurant Services, Inc.  Doc. 24 at 1 n.1.

Thereafter, the court issued a briefing schedule that gave Plaintiff a deadline of August 9, 2011, to respond. Doc. 25. Approximately three weeks later, on August 30, 2011, Plaintiff filed a two sentence response: "I think this company is liable to me. Those are lies that are in Doc. 24 [i.e. Defendant's motion]." Doc. 26. Plaintiff does not identify the "lies," nor does he refute any of the contentions in Defendant's motion. Plaintiff's failure alone to respond to Defendant's arguments is a basis in itself for this court to **GRANT** Defendant's motion. *See Zivojinovich v. Barner*, 525 F.3d 1059, 1062 n.1 (11th Cir. 2008) (failure to offer any argument in a brief abandons the issue); *Brewer v. Purvis*, 816 F.Supp. 1560, 1579 (M.D. Ga. 1993) ("Summary judgment is appropriate since Plaintiff failed to respond to [Defendant's] argument on this issue."). Alternatively, the court also **GRANTS** the motion because (1) Plaintiff cannot present a *prima facie* case of race discrimination or show that Defendant's articulated reasons for his discharge are pretexual and (2) Plaintiff's FLSA claim is untimely.

## I.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "Rule 56(c) mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id*. at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id*. at 324 (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)).

## II.  FACTUAL BACKGROUND

Plaintiff's contention that Defendant's motion contains "lies" does not otherwise dispute Defendant's factual assertions.  Nevertheless, the following facts are presented in a light most favorable to Plaintiff.

Defendant hired Plaintiff as a prep cook in March 2008 at its Outback Steakhouse in Hoover, Alabama.  Doc. 24-2 at 5 (depo. at 14).  Plaintiff worked primarily without any incidents until November 1, 2008, when Defendant hired Frank Carroll ("Carroll") as the restaurant's Managing Partner.  In that position, Carroll had final decision responsibility on personnel issues and on restaurant policy.  According to Plaintiff, Defendant hired Carroll to cut costs: Carroll "was trying to save the company money or whatever." *Id.* at 14 (depo. p. 50).  Because of Plaintiff's "wife being in management . . . [Plaintiff] knew what was going on . . . [and knew that] [t]he prior manager . . . was spending too much money . . . [and that] they wasn't making no profit or whatever." *Id.* (depo. pp. 49-50).

Carroll reduced costs, in part, by cutting hours – Plaintiff "went from making . . . close to 40 hours a week to making less than 15 hours a week." *Id*. at 13 (depo. p. 47).  Carroll also expected Plaintiff to work faster – "He came to me once and, you know, with a order saying, you need to speed up." *Id*. at 14 (depo. p. 49).  Indeed, Defendant cautioned Plaintiff on April 3, 2009: "work to[o] slow.

No desire to get done on time.  Did not finish prep list and was over on time. Expressed no worry for his performance." Doc. 24-3 at 3.  A few weeks later, on April 17, 2009, Defendant again cautioned Plaintiff for "not get[ting] work done on time [and for] [s]how[ing] no initiative to get [work] done." *Id.*  Ultimately, Defendant discharged Plaintiff on April 30, 2009.  *Id.*

### III.  ANALYSIS

A *pro se* complaint is to be construed liberally.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, "even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds).

*A.   Race discrimination claims.*

The court applies the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), for Plaintiff's race discrimination claims since this is a circumstantial evidence case.  Under that framework, Plaintiff must first create an inference of discrimination by establishing a *prima facie* case.  *Burke-Fowler v. Orange Cnty, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (citation omitted).  If plaintiff satisfies his initial burden, "then the

defendant must show a legitimate, non-discriminatory reason for its employment action.  If it does so, then the plaintiff must prove that the reason provided by the defendant is a pretext for unlawful discrimination." *Id*. (citation omitted). However, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Springer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F.3d 1344, 1347 (11th Cir. 2007) (citations omitted).

    1.  <u>Plaintiff cannot establish a *prima facie* case of race discrimination</u>.

To establish a *prima facie* case of disparate treatment, Plaintiff must show: "(1) he was a member of a protected group, (2) an adverse employment action took place, (3) he and a similarly situated non-protected person received dissimilar treatment, and (4) sufficient evidence, either circumstantial or direct, exists to infer a nexus or causal connection between race and the disparate treatment." *Bell v. Eufaula City Bd. of Educ.*, 995 F.Supp. 1377, 1385 (M.D. Ala. 1998); *see also Sridej v. Brown*, 361 Fed. Appx. 31, 33 (11th Cir. 2010).  Implicit in a claim for *race* discrimination is the contention that racial animus factored in the adverse employment action at issue.  Stated differently, there can be no race discrimination where, as here, Plaintiff testified unequivocally that race played no role in his discharge:

>   Q.   All right. Looking at your complaint, the first count and the second count are for race discrimination, and we've talked about your termination at length?
>
>   A.   Yes.
>
>   Q.   You believe your termination was due to your race?
>
>   A.   No, sir.
>
>   Q.   Why do you think you were terminated?
>
>   A.   That's – I mean, I think it was personal.

Doc. 24-2 at 30 (depo. p. 114); *see also id.* at 29 (depo. pp. 111 - 12) (testifying that "No, I wouldn't say that" harassment by manager was based on "exactly just race", and that "I just felt like it was personal; he just didn't like me.").

    While Plaintiff may be correct that Carroll harassed and discharged him for "personal" reasons, unfortunately for Plaintiff, "'Title VII addresses *discrimination*. Title VII is not a shield against harsh treatment at the workplace.' Nor does the statute require the employer to have good cause for its decisions. The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'n*, 738 F.2d 1181, 1187 (11th Cir. 1984) (citations omitted and emphasis in original). Moreover, even if this court disagreed with the discharge decision, "[f]ederal courts 'do not sit as a

super-personnel department that reexamines an entity's business decisions.'" *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc) (citations omitted).  Instead, "[n]o matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the [law] does not interfere."  *Id.*

Based on its independent review of the Complaint and Plaintiff's deposition testimony, the court concludes that Plaintiff cannot make a *prima facie* case in light of his unequivocal testimony that racial animus played no role in his discharge.  Accordingly, Defendant's motion is **GRANTED** on the race discrimination claim.

> 2.  <u>Plaintiff failed to produce evidence that Defendant's proffered reason for his termination was pretextual</u>.

Alternatively, even if Plaintiff <u>could</u> establish a *prima facie* case, his race discrimination claim still fails because he cannot show that the articulated reason for his discharge, i.e. his failure to "perform[] at the level . . . need[ed]," is pretextual.  Doc. 24-4.  To establish pretext, Plaintiff "must demonstrate 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'"  *Sampath v. Immucor, Inc.*, 271 Fed. Appx. 955, 960 (11th Cir. 2008) (citing *Combs v. Plantation Patterns*, 106

F.3d 1519, 1538 (11th Cir. 1997)).  Plaintiff cannot do so here because he testified that (1) Carroll's predecessor spent too much money on labor costs; (2) Carroll sought out to reduce the payroll budget, "was trying to save the company money," and did so by reducing the number of prep cooks and cutting employees' hours; (3) Carroll warned him about taking too long to perform tasks; (4) that he could not meet Carroll's standard of five minutes to process 50 pounds of potatoes; (5) that, on another occasion, when Carroll told him to use less ingredients than a recipe outlined, Plaintiff challenged Carroll and Carroll warned Plaintiff to follow his instructions or face being discharged; and (7) when Carroll discharged him, he still had room to improve to meet Carroll's standards.  Doc. 24-2 at 13-15, 18-20, 22-23, 25-26 (depo. pp. 47-50, 54, 68-69, 74-75, 84-87, 96-97).  Based on this testimony, Plaintiff cannot show that the articulated reasons for his discharge are pretextual.

Again, "[t]he question to be resolved is not the wisdom or accuracy of [the employer's] conclusion . . . or whether the decision to fire [Plaintiff] was 'prudent or fair.'"  *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (internal quotation and citation omitted).  Rather, the court's "'sole concern is whether unlawful discriminatory animus motivate[d]' the decision." *Id.* (citations omitted).  By Plaintiff's own testimony, Carroll discharged him for

"personal" reasons, instead of racial animus.  Moreover, Plaintiff testified that Carroll had a mandate to reduce payroll costs and did so by cutting hours and reducing the headcount by discharging employees.  Doc. 24-2 at 13-15 (depo. pp. 47-54).  Furthermore, he warned Plaintiff about Plaintiff's efficiency and, significantly, Plaintiff acknowledges that he could not meet Carroll's standards.  *Id.*  Accordingly, the court finds that Plaintiff cannot show that Defendant's articulated reasons are pretextual.

   *B. FLSA Claim*

   The court turns now to Plaintiff's FLSA claim.  Plaintiff claims that in May or June 2008 after the health department shut down the restaurant, he volunteered to help clean the restaurant and worked for 20 hours.  Doc. 24-2 at 32 (depo. pp. 121-123).  He maintains that Defendant only paid him for eight hours and is seeking compensation for the twelve unpaid hours.  *Id.* (depo. p. 124).  The court does not need to reach the merits of this claim because Plaintiff filed this lawsuit on October 18, 2010, doc. 1, which is more than two years after the alleged denial of wages.  As such, his claim is time barred.  *See* 29 U.S.C. 255(a).  Moreover, Plaintiff cannot extend the limitations period to three years since he presented no evidence to show that Defendant willfully violated the FLSA.  *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259,1274 (11th Cir. 2008) ("For the

willfulness issue on which the statue of limitations turns, the burden is on the employee."). Therefore, summary judgment is also due to be **GRANTED** on Plaintiff's FLSA claim.

## IV.  CONCLUSION

Based on the record before it, the court sees no evidentiary basis to find that Plaintiff can establish a *prima facie* case of race discrimination or that Defendant willfully violated the FLSA to extend the statute of limitations to three years. Because there are no genuine issues of disputed fact for trial, Defendant's motion for summary judgment is **GRANTED** and this case is **DISMISSED WITH PREJUDICE.**  Costs taxed against Plaintiff.

**Done** the 2nd day of November, 2011.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE